UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY WORLDS & AMERICAN FAIR GIFT ASSOCIATION, INC. <br><br> Plaintiffs, <br><br> v. <br><br> CAHALEN, et al. <br><br> Defendants. | CIVIL ACTION <br><br> NO. 14-40158-TSH |

## ORDER ON DEFENDANT UNIVISION COMMUNICATIONS INC.'S MOTION TO DISMISS (Docket No. 15)

**February 18, 2015**

Plaintiffs Jerry Worlds and the American Fair Gift Association, Inc. filed this action on November 3, 2014, alleging "conspiracy, fraud, cyber bullying and more" against the Better Business Bureau and seventy-three (73) other defendants. The dispute arises out of the allegedly unauthorized use of the name "American Fair Gift Association, Inc." on the Better Business Bureau's website and/or other online business directories. Defendant Univision has moved to dismiss the amended complaint on the grounds that (1) Worlds lacks standing, and (2) the American Fair Gift Association cannot bring *pro se* claims in this Court. I agree.

The amended complaint asserts claims related to the use of the name "American Fair Gift Association, Inc.," and does not allege that Worlds sustained injury in his personal capacity. It is well-established that "[w]hen a corporation is injured, only the corporation, a receiver, or a stockholder suing derivatively in the corporation's name may sue to redress the injury." *Bishay v. American Isuzu Motors, Inc.*, 404 F.3d 491, 495 (1st Cir. 2005). As Worlds is not the

corporation, an appointed receiver, or a stockholder suing derivatively, he cannot assert claims on behalf of the American Fair Gift Association. Nor can Worlds claim that he was personally injured by virtue of his ownership of the corporate entity, because "[e]ven a *sole* shareholder acquires no personal cause of action because of an injury . . . to the corporation." *In re Dein Host, Inc.* 835 F.2d 402, 406 (1st Cir. 1987) (emphasis in original).[1] As the amended complaint does not allege that Worlds sustained a particularized injury, he cannot meet the Article III requirements for standing and all claims raised in his name must be dismissed.

Further, the claims asserted by the American Fair Gift Association are defective because a corporate entity must be represented by counsel. Local Rule 83.5.5(c) provides that "a corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*." Because the American Fair Gift Association is not represented by an attorney, the Court dismisses the claims brought on its behalf.

## ORDER

For the foregoing reasons, Defendant Univision Communications, Inc.'s motion to dismiss (Docket No. 15) is ***granted***. The action is dismissed.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[1] An exception to this general rule exists where it is "absolutely inconceivable that the corporation itself would pursue a claim for the misconduct." *Pagan v. Calderon*, 448 F.3d 16, 28-29 (1st Cir. 2006). However, it plainly does not apply. The American Fair Gift Association, Inc. is also a plaintiff, and therefore *is* pursuing claims for the misconduct.